IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-187-TAV-HBG |
| | ) | |
| DONALD LAMONT WILLIAMS, | ) | |
| CAMMEA P. DURFIELD, | ) | |
| JEFFREY DOTSON, and | ) | |
| FREDERICK LEON HINES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The Court held a telephonic arraignment on the Superseding Indictment for Defendants Cammea Durfield and Jeffrey Dotson.[1] Assistant United States Attorney Brent Nelson Jones participated by telephone on behalf of the Government. The following defense counsel appeared by telephone to represent the Defendants: Attorney R. Deno Cole for Defendant Cammea Durfield; Attorney John Christopher Barnes for Defendant Jeffrey Dotson; and Attorney Robin H. Kyle for Defendant Frederick Hines. Defendants Durfield [Doc. 120] and Dotson [Doc. 118] filed waivers of appearance,[2] and Defendant Hines, who was arraigned on the Superseding Indictment on September 9, 2020, was excused from this hearing.

---

[1] Counsel for Defendant Lamont Williams did not attend the hearing and will reschedule the arraignment for Defendant Williams.

[2] Defendant Williams also filed a waiver of appearance at arraignment [Doc. 119].

Following the arraignment, Attorney Barnes moved the Court to continue the September 22, 2020 trial date in this case. He stated that the changes to the charges in the Superseding Indictment could affect the mandatory minimum sentence for his client and may influence his client's decision to proceed to trial. Additionally, Mr. Barnes stated that Defendant Dotson recently tested positive for the COVID-19 virus and is not able to meet with him to prepare for trial. For these reasons, Mr. Barnes stated that additional time is needed and a trial continuance is appropriate under the Speedy Trial Act. AUSA Jones stated that the Government did not oppose the requested trial continuance. Counsel for Defendants Durfield and Hines took no position on the motion. The parties agreed on a new trial date of **January 25, 2021**.

The Court finds Defendant Dotson's oral motion to continue the trial to be unopposed[3] and well taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In light of the changes to the charges in the Superseding Indictment, defense counsel need additional time to prepare the case for trial. Additionally, restrictions relating to COVID-19, including Defendant Dotson recently contracting the virus, have slowed trial preparations in this case. *See* 18 U.S.C. § 3161(h)(4) (excluding time during which a defendant is physically unable to stand trial). The Court concludes that continuing the trial for four months is appropriate to give counsel the "reasonable time necessary for effective preparation" even accounting for counsels' due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Dotson's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **January 25, 2021.** The Court finds that all the time between the September 14,

---

[3] Counsel for Defendant Donald Williams informed Chambers after the hearing that Defendant Williams did not object to the trial continuance.

2020 hearing and the new trial date of January 25, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(4) & -(7)(A)-(B). The Court also set a new schedule in this case, which is stated below.

Accordingly, it is **ORDERED**:

(1) Defendant Jeffrey Dotson's oral motion to continue the trial is **GRANTED**;

(2) The trial of this case is reset to commence on **January 25, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **September 14, 2020** hearing and the new trial date of **January 25, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court will hold a final pretrial conference on **January 11, 2021, at 11:00 a.m.** This date is also the new deadline for filing motions *in limine*, concluding plea negotiations and filing plea agreements in the record, and providing reciprocal discovery; and

(5) Requests for special jury instructions shall be filed no later than **January 15, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge