IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-187-TAV-JEM |
| | ) | |
| DONALD LAMONT WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the Court on Defendant Donald Williams's pro se Motion to Compel Defense Counsel to Surrender the Case File [Doc. 299], which was referred to the undersigned on October 6, 2022 [Doc. 303]. *See* 28 U.S.C. § 636(b). In this motion, Defendant Williams asks the Court to compel defense counsel to provide his case or work file to allow Defendant to file a timely motion pursuant to 28 U.S.C. § 2255. On October 7, 2022, the day after the referral, defense counsel Attorney A. Philip Lomonaco filed a Notice and Response of Counsel, stating he was not aware Defendant was seeking his file until he received notice of the referral order and he does not object to sending Defendant his file [Doc. 304 p. 1]. The Notice states that counsel, who is retiring and recently closed his office, has retrieved the file from storage and will mail the file to Defendant the next day [*Id.*]. The undersigned directed defense counsel to clarify the date he mailed the file to Defendant and to confirm that he mailed the file to Defendant's updated address of FCI Gilmer in Glenville, West Virginia [Doc. 305].

On October 19, 2022, Mr. Lomonaco filed a responding Notice, stating on October 8, 2022, he mailed Defendant's "whole, original file" to the prison listed on the Motion to Compel, which was Defendant's former address of FCI McKean in Bradford, Pennsylvania [Doc. 306

p. 1]. Counsel said he would attempt to learn the whereabouts of Defendant's file [*Id.*]. On October 24, 2022, the undersigned directed defense counsel to report on the status of his efforts to locate Defendant's file and to inform the Court of FCI McKean's policy for forwarding and/or returning prisoner mail [Doc. 307].

On October 31, 2022, Mr. Lomonaco filed a Status Report, stating the staff at FCI McKean did not recall receiving mail to Defendant Williams [Doc. 308 p. 1]. Counsel reported that FCI McKean's policy is to forward mail arriving within thirty days of a transfer to the inmate's new location [*Id.*]. If mail arrives after the thirty-day period, then it is returned to the sender [*Id.*]. Mr. Lomonaco stated that according to FCI McKean, Defendant was transferred on August 11, 2022 [*Id.*]. Counsel states that he has not received Defendant's returned file, and the staff at FCI Gilmer have not returned his calls [*Id.*].

Also on October 31, 2022, the Court received a one-page letter from Defendant Williams, stating he received his file (i.e., "most of the court documents and paperwork pertaining to my case") on October 20, 2022 [Doc. 309]. Defendant says the file did not contain "documents pertaining to the indictment of the drug overdose" and asks for help in getting this material [Doc. 309].

Based upon the information from defense counsel and Defendant Williams, the Court finds that defense counsel mailed the case file to Defendant and that Defendant confirmed he received the file. Accordingly, the Court **ORDERS** as follows:

> (1) Defendant's pro se Motion to Compel Defense Counsel to Surrender the Case File [**Doc. 299**] is **MOOT**, because Defendant has received his file from defense counsel;
>
> (2) The Clerk of Court is **DIRECTED** to provide electronic notice of this Order to Mr. Lomonaco and to mail a copy of this Order to Defendant Williams at FCI Gilmer (the return address on his letter [Doc. 309]); and

(3) The Clerk of Court is also **DIRECTED** to mail Defendant a copy request form for the five-page Superseding Indictment [Doc. 115], which includes notice of an enhanced penalty due to an alleged overdose death.

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge